UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JAMAAL DOUGLAS,                          :

        Petitioner              :         CIVIL ACTION NO. 3:25-64

v.                                       :         (JUDGE MANNION)

WARDEN F. GARZA,                         :         FILED
                                                   SCRANTON

        Respondent              :         FEB 18 2025

MEMORANDUM                               PER_____ JKL
                                         DEPUTY CLERK

*Pro se* Petitioner Jamaal Douglas ("Douglas"), who is incarcerated at USP Canaan, initiated this action by filing a petition for a writ of habeas corpus under 28 U.S.C. §2241, alleging that the Federal Bureau of Prisons ("BOP") has failed to apply his First Step Act ("FSA") time credits. For the following reasons, the Court will dismiss the habeas petition without prejudice due to Douglas's failure to exhaust the BOP's available administrative remedies.

I.   BACKGROUND

Douglas is serving a seventy-two (72)-month term of imprisonment following his guilty plea to one count of conspiracy to distribute and possess with intent to distribute five hundred (500) grams or more of cocaine (21 U.S.C. §846) and sentencing in the United States District Court for the District of Maryland. *See* (Doc. 1 at 1); J. at 1–2, *United States v. Douglas*,

No. 1:20-cr-249 (D. Md. Apr. 22, 2021). Douglas asserts that his release date is September 24, 2025. *See* (Doc. 1 at 6). *But see* Bureau of Prisons Inmate Locator, *Federal Bureau of Prisons*, https://www.bop.gov/inmateloc/ (last visited January 16, 2025) (stating Douglas's release date is September 20, 2025).

In his Section 2241 habeas petition, Douglas alleges that he has earned a year's worth of FSA time credits that the BOP has not applied to his sentence due to him "having medium recidivism." (*Id.* at 6.) Concerning this habeas claim, Douglas acknowledges that he has not exhausted his administrative remedies with the BOP because his "release date is extremely close and [he] think[s] this warrants [him] to immediately file to the courts." (*Id.* at 2.) In addition, Douglas claims a "staff member told [him] that filing any appeal is futile." (*Id.*)

## II.    DISCUSSION

### A.    Legal Standard

Under Section 2241, habeas relief may be extended to a federal prisoner only when they are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2241(c)(3). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, applicable to Section 2241 petitions through Rule 1(b), this Court has

the authority to dismiss a habeas petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." R. 4, 28 U.S.C. foll. §2254; *see* R. 1(b), 28 U.S.C. foll. §2254 ("The district court may apply any or all of these rules to a habeas corpus petition not [involving a petition under 28 U.S.C. §2254].")*; see also Heath v. Bell*, 448 F. Supp. 416, 417 (M.D. Pa. 1977) (noting that Rule 1(b) of the Rules Governing Section 2254 Habeas Petitions in the United States District Courts renders Rule 4 applicable to Section 2241 habeas petitions). Thus, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994) (citing R. 4, 28 U.S.C. foll. §2254).

## B. Analysis

As explained above, Douglas recognizes that he has not fully exhausted his administrative remedies as to the sole claim in his Section 2241 habeas petition but seeks to be excused from exhaustion because he purportedly has a release date in September 2025 and a staff member allegedly told him that any "appeal" would be futile. (Doc. 1 at 2.) Unlike with Section 2254 and 2255 habeas petitions, there is no explicit statutory exhaustion requirement for Section 2241 habeas petitions. *See Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000) ("[T]here is no statutory exhaustion

requirement attached to §2241[.]"). Nevertheless, the Third Circuit Court of Appeals has "consistently applied an exhaustion requirement to claims brought under §2241." *Id.* (citations omitted). Exhaustion "allow[s] the appropriate agency to develop a factual record and apply its expertise[,] . . . conserves judicial resources[,] and . . . provide[s] agencies the opportunity to correct their own errors [which] fosters administrative autonomy." *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 761–62 (3d Cir. 1996) (citations omitted).

Regarding exhaustion within the BOP, it has an Administrative Remedy Program through which federal prisoners can request review of nearly any aspect of their imprisonment. *See* 28 C.F.R. §542.10(a) ("The purpose of the Administrative Remedy Program is to allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement."). Specifically, the BOP has a four (4)-step administrative process through which an inmate can address issues concerning the conditions of their confinement. *See id.* §542.13(a)–15(a). Except in circumstances inapplicable here, an inmate must first informally present the complaint to staff, who must attempt to informally resolve the matter. *See id.* §542.13(a) ("Except as provided in §542.13(b), an inmate shall first present an issue of concern informally to staff, and staff shall attempt to informally

resolve the issue before an inmate submits a Request for Administrative Remedy."). If the informal resolution is unsuccessful, then the inmate must execute the appropriate form to bring the matter to the attention of the Warden, within twenty (20) calendar days of the date of the incident. *See id.* §542.14(a) ("The deadline for completion of informal resolution and submission of a formal written Administrative Remedy Request, on the appropriate form (BP–9), is 20 calendar days following the date on which the basis for the Request occurred."). If the inmate is dissatisfied with the Warden's response, they may then appeal to the Regional Director within twenty (20) calendar days. *See id.* §542.15(a) ("An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP–10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response."). The inmate may then, if dissatisfied with the Regional Director's response, appeal to the General Counsel at the BOP's Central Office within thirty (30) calendar days. *See id.* ("An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP–11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response."). This is the final administrative appeal level in the BOP, and no administrative appeal is considered to have been fully exhausted until

considered by the BOP's General Counsel. *See id.* ("Appeal to the General Counsel is the final administrative appeal."); *see also Redmond v. Dortch*, 823 F. App'x 266, 267 (5th Cir. 2020) (unpublished) ("Redmond did not fully exhaust his remedies because he never completed the fourth and final step of appeal to the Office of General Counsel.").

Exhaustion is the rule in most cases, and failure to exhaust will generally preclude federal habeas review. *See Eiland v. Warden Fort Dix FCI*, 634 F. App'x 87, 89 (3d Cir. 2015) (unpublished) (explaining that "exhaustion is a precondition to bringing suit" and summarily affirming district court's dismissal of Section 2241 petition due to petitioner's failure to exhaust). Only in rare circumstances is exhaustion of administrative remedies not required. For example, exhaustion is unnecessary if "the issue presented involve[s] only statutory construction." *Vasquez v. Strada*, 684 F.3d 431, 433–34 (3d Cir. 2012) (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)). Similarly, exhaustion is not required "if an attempt to obtain relief would be futile or where the purposes of exhaustion would not be served." *Cerverizzo v. Yost*, 380 F. App'x 115, 116 (3d Cir. 2010) (unpublished); *see also Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (explaining that "[a]n exception is made [to the exhaustion requirement] only

if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief").

In this case, Douglas does not articulate any legal basis to support his suggestion of futility, *i.e.*, that he need not exhaust his administrative remedies at the BOP because of his impending September 2025 release date. Even if he attempted to do so, his argument would fail because, as recently stated:

> The Court is unaware of any decision from the Third Circuit Court of Appeals holding that a federal prisoner may be excused from the exhaustion requirement on that ground. Additionally, district courts within the Third Circuit have repeatedly rejected the argument that an inmate can be excused from the exhaustion requirement simply because [their] projected release date is approaching, and [they] may not complete [their] administrative appeal before the release date. *See, e.g.*, *Brown v. Sage*, No. 22-cv-325, 2022 WL 1295414, at *1-2 (M.D. Pa. April 29, 2022); *Malvestuto v. Martinez*, No. 09-cv-1339, 2009 WL 2876883, at *2-3 (M.D. Pa. Sept. 1, 2009); *Bartolotti v. Knight*, No. 22-cv-6137, 2022 WL 17959577, at *1-2 (W.D. Pa. Dec. 27, 2022); *Rosales v. Hollingsworth*, No. 15-cv-3840, 2015 WL 4314572, at *2 (D.N.J. July 14, 2015).

*Meadows v. Warden, FCI-Allenwood Low*, No. 3:24-cv-952, 2024 WL 3871810, at *2 (M.D. Pa. Aug. 19, 2024). Moreover, Douglas still has ample time to initiate and complete the administrative process before seeking habeas relief. Therefore, his argument of futility based on his upcoming release date is unavailing.

Douglas also asserts that a "staff member told [him] that filing any appeal is futile." (Doc. 1 at 2.) A district court can conclude that an administrative process is unavailable to a habeas petitioner if "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Ross v. Blake, 578 U.S. 632, 643–44 (2016). However, Douglas makes no such showing here because even if a BOP staff member told him that "filing any *appeal*" would be futile, *see* (Doc. 1 at 2 (emphasis added)), Douglas does not allege that he started step one of the BOP's four (4)-step Administrative Remedy Program by filing a complaint to staff about his FSA time credits so they could attempt to "informally resolve the issue." 28 C.F.R. §542.13(a); *see* (Doc. 1 at 2 (checking box indicating that he did not "appeal the decision, *file a grievance, or seek an administrative remedy*" (emphasis added)). He also does not allege that he ever filed the appropriate form (BP-9) to bring his FSA time credits issue to the attention of the Warden as required by the second step of the Administrative Remedy Program. *See* 28 C.F.R. §542.14(a). Taking either of these first two (2) steps could have resulted in Douglas obtaining the relief he is requesting in the instant petition without him ever filing any "appeal" within the BOP. Accordingly, there is no factual or legal basis upon which this Court could conclude that requiring Douglas

to fully exhaust his administrative remedies with the BOP is futile or otherwise excused, and the Court must dismiss without prejudice his Section 2241 habeas petition.

## III.    CONCLUSION

Based on the foregoing, the Court will dismiss without prejudice Douglas's Section 2241 habeas petition and direct the Clerk of Court to close this case. An appropriate Order follows.

MALACHY E. MANNION
United States District Judge

**DATE:** 2/18/25
25-0064-01